# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MORALES-LOPEZ,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL L. BENOV,<br><br>    Respondent. | Case No. 1:13-cv-01099 LJO GSA HC<br><br>ORDER DIRECTING RESPONDENT TO PROVIDE STATUS REPORT<br><br>[THIRTY DAY DEADLINE] |

Petitioner is proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 17, 2013, Petitioner filed the instant petition for writ of habeas corpus. Respondent filed an answer on November 6, 2013, and Petitioner filed a traverse on November 21, 2013. Petitioner contends his due process rights were violated during a disciplinary hearing because an individual not employed by the Federal Bureau of Prisons ("BOP") conducted said hearing and recommended sanctioning Petitioner with a loss of good conduct time credits based on an incident report for misconduct.

Shortly thereafter on December 16, 2013, the District Judge assigned to this case, Hon. Lawrence J. O'Neill, issued a decision in Valenzuala v. Benov, Case No. 1:13-cv-00480-LJO-

MJS-HC.¹ In <u>Valenzuala</u>, the Court determined that the non-BOP disciplinary hearing officer at Petitioner's institution was not authorized under BOP regulations to conduct the disciplinary hearing. The Court granted the petition and directed the BOP to restore the petitioner's good credit time, or conduct a new disciplinary hearing before a BOP employee. Subsequently, Respondent notified the Court that it would provide Petitioner with a hearing before a Bureau of Prisons hearing officer. It has come to the Court's attention that since that time, Respondent has conducted a rehearing before a Bureau of Prisons hearing officer in other similarly situated cases, and requested dismissal based on mootness. <u>See</u>, <u>e.g.</u>, <u>Quintero-Mendoza v. Benov</u>, Case No. 1:13-CV-01885-AWI-GSA-HC. Thus, it is possible the instant case is now moot if Respondent has also conducted a rehearing of Petitioner's disciplinary proceeding.

Accordingly, Respondent will be directed to provide a status in this case and advise the Court whether a new hearing has been conducted, and if so, provide proof of said hearing.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Respondent is DIRECTED to provide a status report on Petitioner along with any supporting documentation within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

   Dated: **April 21, 2014**        **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

¹ This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244 (9th Cir. 1992); <u>see also</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).