1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| JOHN MORALEZ-LOPEZ, | Case No.  1:13-cv-01099-LJO-GSA-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| MICHAEL L. BENOV, | [ECF NO. 17] |
| Respondent. | |

17       Petitioner is proceeding pro se with an application for a writ of habeas corpus pursuant to

18   28 U.S.C. § 2241.

19       On July 17, 2013, Petitioner filed the instant petition for writ of habeas corpus.

20   Respondent filed an answer on November 6, 2013, and Petitioner filed a traverse on November

21   21, 2013.  He contends his due process rights were violated during a disciplinary process because

22   an individual not employed by the Federal Bureau of Prisons sanctioned Petitioner with a loss of

23   good conduct time credits based on an incident report for misconduct.

24       On April 22, 2014, the Court directed Respondent to file a status report in light of the

25   Court's decision in Valenzuala v. Benov, Case No. 1:13-cv-00480-LJO-MJS-HC.  On May 22,

26   2014, Respondent responded to the status report and moved for dismissal of the petition as moot

27   in light of a rehearing conducted by the BOP.  On May 30, 2014, Petitioner filed an opposition to

28   the motion.

1

**DISCUSSION**

2        The case or controversy requirement of Article III of the Federal Constitution deprives

3   the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67,

4   70 (1983); NAACP., W. Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A

5   case becomes moot if "the issues presented are no longer live or the parties lack a legally

6   cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1984).  The Federal

7   Court is "without power to decide questions that cannot affect the rights of the litigants before

8   them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) (quoting Aetna Life Ins. Co. v.

9   Hayworth, 300 U.S. 227, 240-241 (1937)).

10       In this case, Petitioner contends that his due process rights were violated during a

11  disciplinary hearing because an individual who was not employed by the Federal Bureau of

12  Prisons ("BOP") conducted the hearing.  Respondent submits that the challenged disciplinary

13  hearing has been reheard before a BOP employee.  In support, Respondent has provided a

14  declaration from Christopher Cruz, the Discipline Hearing Administrator for the Western

15  Regional Office of the BOP.  Resp't's Supp. to Mot. to Dismiss, Cruz Decl.  He is a BOP

16  disciplinary hearing officer and the individual who conducted the rehearing.   In addition,

17  Respondent has submitted the disciplinary report dated March 7, 2014, which reflects that the

18  disciplinary rehearing was conducted on May 7, 2014.  Resp't's Supp. to Mot. to Dismiss, Cruz

19  Decl., Attach. 3.  In light of the rehearing before a BOP employee, there is no longer a case or

20  controversy.  The instant petition is moot.

21       In his opposition, Petitioner now complains that the disciplinary process as a whole is

22  flawed because private employees of Taft Correctional Institution participated at some point in

23  the process, such as by making the initial report of a violation, investigating the violation, or

24  submitting the report to the Unit Discipline Committee ("UDC").  This claim was not presented

25  in the petition and is therefore not properly presented.  Moreover, there is no merit to the claim.

26  The regulation at issue contemplates the imposition of sanctions by Bureau staff.  28 C.F.R. §

27  541.1.  In this case, Petitioner does not dispute that he had the opportunity to appear and present

28  evidence and witnesses to a BOP staff member, whereupon the BOP staff member considered

1  the evidence and rendered a decision. Petitioner fails to demonstrate a violation of his due

2  process rights. See Wolff v. McDonnell, 418 U.S. 539 (1974) (Prisoners are entitled to minimal

3  due process protections in prison disciplinary hearings). In addition, the Court finds no prejudice

4  resulting from the rehearing.

5                                                    **RECOMMENDATION**

6          Accordingly, the court HEREBY RECOMMENDS that Respondent's motion to dismiss

7  be GRANTED and this action be DISMISSED for mootness.

8          This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

9  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and

10 Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of

11 California. Within thirty (30) days after being served with a copy, any party may file written

12 objections with the court and serve a copy on all parties. Such a document should be captioned

13 "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections

14 shall be served and filed within fourteen (14) days after service of the objections. The Court will

15 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are

16 advised that failure to file objections within the specified time may waive the right to appeal the

17 District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19 IT IS SO ORDERED.

20     Dated:   **June 3, 2014**                                 **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28